UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JEAN GALLO,

       Plaintiff,                                  **COMPLAINT**

vs.                                             **JURY TRIAL DEMANDED**

McCAREY LANDSCAPING, INC.,

       Defendant.
-----------------------------------------------------------X

## I.    INTRODUCTION

1. Plaintiff, Jean Gallo, brings this lawsuit against McCarey Landscaping, Inc. for violations of her rights under the Age Discrimination in Employment Act ("ADEA"), New York State Human Rights Law, N.Y. Executive Law § 296, and the New York Labor Law, §§ 191, 195, and 217.

## II.    PARTIES

2. At all relevant times, Plaintiff Jean Gallo was an employee of Defendant McCarey Landscaping, Inc., located in Middletown, New York, County of Orange.

3. Defendant McCarey Landscaping, Inc., is incorporated pursuant to the laws of the state of New York, with its principal place of business located in Middletown, New York. It may sue and be sued.

## III.    JURISDICTION & VENUE

4. This Honorable Court has jurisdiction over this action pursuant to 28 U.S.C. secs. 1331, 1343 (3) and (4) and 1367, 42 U.S.C. secs 1983 and 1988, and 29 U.S.C. §§ 621-634.

5. In addition, Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a), as her state law claims arise from a common nucleus of facts as her federal claims.

6. In January 2021, Plaintiff filed a timely charge of age discrimination with the New York

State Division of Human Rights (NYSDHR) which was cross-filed with the EEOC, and more than 60 days has passed since the filing of that charge. Plaintiff's SDHR charge has been dismissed for administrative convenience.

7. As the events giving rise to Plaintiff's claims occurred in Orange County, New York, venue is proper in this Court.

### IV.   FACTUAL AVERMENTS

8. Plaintiff, Jean Gallo, is a 62 year-old woman of Italian national origin/ethnicity.

9. Plaintiff commenced working for Defendant in January 2006 at its office in Middletown, New York.

10. Plaintiff continued to work for Defendant in various office positions, including Controller, from January 2006 through the termination of her employment on December 4, 2020.

11. As Plaintiff neared turning 60 years-old in December 2019, Timothy McCarey, who owns McCarey Landscaping with his wife, Donna McCarey, and is listed as the company's Vice-President, began to make several negative comments about Plaintiff's age, including that she was becoming "too old" and that employees over 60 are incompetent and worthless.

12. In addition to making these blatantly discriminatory comments about Plaintiff's age, McCarey yelled at Plaintiff and ridiculed her, including in front of other employees and even clients.

13. In Summer 2020, Brian Smith, who was then Project Manager for Defendant and a supervisor, called Plaintiff a "Guinea" in a derogatory manner on at least two occasions; "guinea" is an ethnic slur toward people of Italian national origin.

14. Smith made these "Guinea" comments about Plaintiff in front of Tim McCarey, who simply laughed at these slurs.

15. In or about late September 2020, Tim McCarey hired a woman in her 30's, Ashley Brennan, to take over one of Plaintiff's main duties, billing.

16. Upon hiring Brennan, Tim McCarey stated he was hiring a "younger model" of Plaintiff, and after Brennan began working for Defendant, he more than once referred to her as a "younger version" of Plaintiff.

17. After Brennan was hired, she was given Plaintiff's office and Plaintiff was moved to a small, cramped office– her "desk" was a filing cabinet–near the front entrance of the building and separate from the company's other offices.

18. Plaintiff's newly assigned office was extremely drafty and cold, which negatively affected her rheumatoid arthritis.

19. When Plaintiff advised McCarey that her new office was making her arthritis worse, he told her he would fix the drafts coming into her office, but never did so.

20. In November 2020, Donna McCarey, who is listed as the Defendant's President, brought her three dogs into the office.

21. As Plaintiff was petting the smallest of the three dogs, the two bigger dogs knocked her to the floor, causing her to land hard on her back.

22. As Plaintiff was sprawled on the floor with the two dogs on top of her, Donna McCarey laughed at her and did not offer her any assistance.

23. Shortly thereafter, referencing the incident, Tim McCarey commented that Plaintiff was a "fall risk" because of her age.

24. For the entirety of her employment with defendant, office employees were given off the Friday after Thanksgiving with pay.

25. On December 4, 2020, when Plaintiff received her paycheck for the prior week, she noted that she had not been paid for the Friday after Thanksgiving, November 27, 2020.

26. Plaintiff inquired of the employee who handled payroll about whether other office employees had been paid for that day off, and she was advised that they had.

27. Plaintiff then asked Tim McCarey why she had not been paid for November 27, 2020, and he first told her that no one had been paid for that day.

28. When Plaintiff told him that she knew that the other office employees had been paid, McCarey claimed that she was not paid "because of Covid."

29. McCarey then angrily told Plaintiff that she should look for another job, and effectively terminated her employment.

30. After Plaintiff's termination, defendant terminated Plaintiff's health insurance benefits without ever notifying her that it was doing so or had done so.

31. Plaintiff later learned that Defendant cancelled her health insurance benefits effective December 7, 2020.

32. On December 12, 2020, Plaintiff went to a medical appointment, having been advised by her insurance company that she still had coverage.

33. As a result of Defendant's failure to give notice to Plaintiff that it was cancelling her health insurance, Plaintiff had to pay for medical costs out of her own pocket.

34. Under New York Labor Law § 195(6), employers must give employees written notice of termination of health insurance benefits within five working days of such termination; Defendant failed to do so to Plaintiff's detriment.

35. Defendant did not provide Plaintiff with her final paycheck, for the week of November

30, 2020, until January 8, 2021.

36. Under New York Labor Law § 191(3), employers must pay employees their last paycheck on the regular pay day following the employee's termination of employment, which in this case fell on December 11, 2020, one week after Plaintiff's employment ended; Defendant failed to timely provide Plaintiff with her final paycheck in violation of New York Labor Law

37. As a result of being subjected to a hostile work environment based on her age and national origin, Plaintiff has suffered, and will likely continue to suffer, extreme emotional distress, humiliation, and loss of self-worth.

38. As a result of being terminated because of her age, Plaintiff has suffered, and will likely continue to suffer, lost pay and benefits, and extreme emotional distress, humiliation, and loss of self-worth.

39. In subjecting Plaintiff to a hostile work environment based on her age and national origin, terminating Plaintiff because of her age, failing to give Plaintiff timely notice of the termination of her health insurance benefits, and failing to timely pay Plaintiff her final paycheck, Defendant acted willfully, with wanton negligence, maliciously, and with reckless disregard of Plaintiff's rights under federal and state law.

V. **CAUSES OF ACTION**

40. Plaintiff incorporates paragraphs 1-39 as if fully re-written herein.

41. By subjecting Plaintiff to abusive and offensive comments and conduct because of her age, Defendant subjected Plaintiff to a hostile work environment in violation of the ADEA, 29 U.S.C. § 621 et seq., and the New York State Human Rights Law, NY Executive Law § 296.

42. By subjecting Plaintiff to offensive comments about her Italian national origin and

ethnicity, Defendant subjected her to a hostile work environment based on her national origin and ethnicity in violation of the New York State Human Rights Law, NY Executive Law § 296.

43. By terminating Plaintiff because of her age, Defendant violated the ADEA, 29 U.S.C. § 621 et seq., and the New York State Human Rights Law, NY Executive Law § 296.

44. By failing to give Plaintiff written notice of the termination of her health insurance benefits within five working days of such termination, Defendant violated N.Y. Labor Law § 195(6) and § 217(7)(b).

45. By failing to pay Plaintiff her final paycheck on the next regular pay day following the termination of her employment, Plaintiff violated N.Y. Labor Law § 191(3).

## VI. PRAYER FOR RELIEF

46. WHEREFORE, plaintiff prays that this Honorable Court:

(a) empanel a jury to hear and decide this matter;

(b) award to Plaintiff compensatory damages, including damages for past and future lost pay and benefits, physical sickness and emotional distress under the ADEA and NYSHRL;

(c) award to Plaintiff liquidated damages under the ADEA;

(d) award to Plaintiff punitive damages under the NYSHRL;

(e) award to Plaintiff damages for the violations of her rights under the New York Labor Law § 191(3), §217(7)(b), and § 195(6);

(f) award to Plaintiff liquidated damages for Defendant's violations of her rights under New York Labor Law § 191(3), §217(7)(b), and § 195(6);

(g) award to Plaintiff prejudgment interest;

(h) award to Plaintiff her reasonable attorneys' fees and costs pursuant to the ADEA, New

York State Human Rights Law, and New York Labor Law;

    (i) enter any other relief justified by the law and facts.

Dated: New Paltz, NY
         June 7, 2021

Respectfully submitted,

_____
Christopher D. Watkins (CW 2240)
WATKINS LAW
5 Paradies Lane
New Paltz, NY 12561
(845) 419-2250
*Attorney for Plaintiff*